UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMINE HARRIS and
DANESHA SPARKS,

      Plaintiffs,

v.

NAJEE MALONE,
KEVIN CONEY,
M. KHALIL,
HILTON NAPOLEON,
HUBERT YOPP,
TROY'S TOWING,
TROY GINYARD, and
CITY OF HIGHLAND PARK,

      Defendants.

Case No. 20-cv-13354
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

---

### ORDER GRANTING EXTENSION OF TIME TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

Jasmine Harris and DaNesha Sparks have sued various Highland Park officials and a towing company alleging that Defendants unlawfully removed a recreational vehicle and a tiny house from Harris' property.

All pretrial matters in this case were referred to Magistrate Judge Anthony P. Patti, and on November 30, 2021, he filed a report and recommendation.

Harris and Sparks, proceeding pro se, ask for a three-week extension of time to file objections to the November 30 report. They say, "The plaintiffs have recently moved out of state and the mail wasn't forwarded to the new address in a timely fashion." (ECF No. 27, PageID.204.)

Defendants oppose Harris and Sparks' request for an extension. Defendants pose a host of rhetorical questions: "The first question is obvious. When did Plaintiff move out of state? The second question is also obvious. What are Plaintiffs' new addresses? The third question would seem to follow the second? Why haven't Plaintiffs notified the court and the Defendants of their new addresses? The last question should be provided for the court's consideration. When did Plaintiffs receive[] the Magistrate's Report and Recommendation?" (ECF No. 29, PageID.222–232.) Defendants also fault Plaintiffs for not complying with their obligation to notify the Court of any changes in their service address and argue that any objections that Plaintiffs could make would be futile. And, say Defendants, "Plaintiffs' objections were due on December 14, 2021. On or before that date, Plaintiffs did not file any objections. Rule 5(b)(2)(C). They asked for an extension of time on December 15, 2021." (ECF No. 29, PageID.222.)

Defendants' opposition is not well taken. As an initial matter, because the report and recommendation was mailed to Harris and Sparks, they had 17 days, not 14 days, to file their objections. *See* Fed. R. Civ. P. 6(d). That means that Harris and Sparks requested an extension to file their objections *before* the time to object expired. Further, Defendants have not given enough consideration to the fact that Plaintiffs are pro se; in this Court's view, a pro se plaintiff's statement that mail was not received due to an out-of-state move suffices for a modest three-week extension. And even if Plaintiffs had notified the Court earlier of their change in address such that they could have received the R&R sooner, there is nothing unusual about a pro se

2

litigant needing additional time to prepare objections. Nor will this requested extension prejudice Defendants in any way.  Finally, even if Harris and Sparks' objections are likely to be overruled, that does not mean that Harris and Sparks should not at least have a chance to file objections. So the Court declines in this instance to bar their objections on the grounds of futility.

Harris and Sparks' request for an extension is GRANTED. Harris and Sparks must file their objections by January 21, 2022. No further extensions will be granted. The Court notes that it does not have a new service address for Harris or Sparks, and so service of this order will be pursuant to the addresses on file.

SO ORDERED.

Dated: January 3, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE