UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASMINE HARRIS and<br>DANESHA SPARKS,<br><br>    Plaintiffs,<br><br>v.<br><br>NAJEE MALONE,<br>KEVIN CONEY,<br>M. KHALIL,<br>HILTON NAPOLEON,<br>HUBERT YOPP,<br>TROY'S TOWING,<br>TROY GINYARD, and<br>CITY OF HIGHLAND PARK,<br><br>    Defendants. | Case No. 20-13354<br>Honorable Laurie J. Michelson<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER OVERRULING OBJECTIONS [31], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [26], AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [10]**

This case involves a dispute over whether a tiny house and a recreational vehicle were lawfully located on property in the City of Highland Park, Michigan.

Jasmine Harris owns a tiny home and DaNesha Sparks owns an RV, and, during 2020, both residences were located at 95 Stevens Street in Highland Park. Harris says that in August 2020, Najee Malone, a Highland Park police officer, visited 95 Stevens and told her and Sparks that they could not be on the property because it was owned by the City. Harris showed Malone her land deed, and, apparently, that momentarily resolved things. But the next month, September 2020, Malone returned to 95 Stevens and placed an orange tow sticker on the RV. In October 2020, Sparks

moved the RV over the property line, which, apparently, was causing all the trouble. Even so, Harris and Sparks claim that Malone returned to 95 Stevens and issued a ticket relating to the fencing on the property.

Harris and Sparks allege that events escalated in November 2020. On November 12, 2020, Malone, fire chief Kevin Coney, and other city employees went to 95 Stevens. Allegedly, the city officials' position was that Harris' tiny house and Sparks' RV should not be on the property, and, later that day, Malone affixed orange tow stickers on the two residences. Harris and Sparks say that five days later, "8 police cars and 2 tow trucks" went to Harris' property to tow the tiny house and RV; Harris or Sparks paid $900 to the tow company, Troy's Towing, so that the RV would be taken somewhere other than the impound lot.

In December 2020, Harris and Sparks filed this pro se lawsuit. Their complaint included the above allegations and asserted 10 violations of law—mostly state law. (ECF No. 1.) Among others, Harris and Sparks named Malone (police officer), Coney (fire chief), Troy's Towing, and Troy Ginyard (the owner of Troy's Towing) as defendants.

It was clear from the complaint that Plaintiffs and Defendants were not citizens of different states, but because Count 2 was fairly construed as an unlawful seizure claim under the Fourth Amendment of the federal Constitution, this Court had subject-matter jurisdiction. But when, as here, a federal court's jurisdiction is based on the existence of a federal question in the complaint, the federal court can decline to exercise jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c). This

Court elected to do just that. (ECF No. 4, PageID.31–32.) As such, only Plaintiffs' unlawful seizure claim remained part of this case. (*Id.*)

Unfortunately, the Court's order and Plaintiffs' amended complaint then got crossed in the mail. In particular, this Court served (by mail) its order dismissing all state-law claims on February 17, 2020, yet, two days later, Harris and Sparks' amended complaint was docketed. (ECF No. 5.) Apparently, Harris and Sparks had mailed their amended complaint before receiving this Court's order, and so they had no idea that this Court had declined jurisdiction over their state-law claims. As such, the amended complaint, which is now the operative complaint, still includes state-law claims. The amended complaint also has additional federal claims aside from the Fourth Amendment unlawful seizure claim. (*See* ECF No. 5.)

Not long after the amended complaint was filed, Defendants jointly moved to dismiss it, and this Court referred that motion (and all pretrial matters) to Magistrate Judge Anthony P. Patti. In the Magistrate Judge's view, all of Plaintiffs' federal claims should be dismissed except for Plaintiffs' claim that Malone and Coney are liable in their individual capacities for violating Plaintiffs' Fourth Amendment rights. (*See* ECF No. 26, PageID.201.) As for the state-law claims, the Magistrate Judge recommends that this Court decline to exercise supplemental jurisdiction over them. (ECF No. 26, PageID.200–01.)

Harris (and possibly Sparks too) objects to the Magistrate Judge's recommendation. The Magistrate Judge found that Troy's Towing and its owner, Troy Ginyard, cannot be liable under the Fourth Amendment because they are not "state

3

actors for purposes of § 1983." (ECF No. 26, PageID.199.) Harris disagrees. She argues that Troy's Towing had a contract with the City of Highland Park, which supports a finding that Troy's Towing and Ginyard can be held liable for violating the Constitution. (ECF No. 31, PageID.231.) In her objection, Harris also discusses a scandal in Chicago involving a city policeman and a towing company. (ECF No. 31, PageID.232.) And "a little closer to home," Harris points to "Operation Northern Hook." (ECF No. 31, PageID.232.) This is a reference to the federal government's investigation "into bribery and extortion within Detroit City Hall and the city's towing operations." Cassidy Johncox, *Ex-Detroit City Councilman Sentenced to 2 Years in Prison for Bribery*, Click On Detroit (Jan. 19, 2022), https://tinyurl.com/ew2bf72r; *see also U.S. v. Spivey*, No. 21-20490 (E.D. Mich. filed July 27, 2021).

Arguments like the one Harris makes in her objection have proven unsuccessful in other cases. Whether enforcing the "under color of [state law]" requirement of 42 U.S.C. § 1983 or the state-action requirement of the Fourth and Fourteenth Amendment, numerous courts have found that when a city official uses a towing company's services, that fact alone does not make the towing company liable for violating the plaintiff's constitutional rights. *See Partin v. Davis*, 675 F. App'x 575, 587 (6th Cir. 2017) (finding that Fourth and Fourteenth Amendments' state action requirement is not satisfied merely because county had a contractual relationship with private towing company); *Plummer v. Detroit Police Dep't*, No. 2:17-CV-10457, 2017 WL 1091260, at *4 (E.D. Mich. Mar. 23, 2017) ("Even if the police directed the

4

company to tow Plaintiff's vehicle to the company's storage facility, the company's involvement falls short of demonstrating the kind of close nexus with government officials that is necessary to expose it to § 1983 liability."); *Banks v. Fedierspiel*, No. 5:10-CV-427-JBC, 2011 WL 1325046, at *5 (E.D. Ky. Apr. 1, 2011) ("Private towing companies with whom municipalities contract to tow and impound cars do not become state actors by performing their public contracts."). Indeed, in *Carmen Auto Sales III, Inc. v. City of Detroit*, this Court found that private towing companies that did nothing more than fulfill their contractual obligations with the City of Detroit were not state actors. *See* No. 16-12980, 2018 WL 1326295, at *8 (E.D. Mich. Mar. 15, 2018) (Michelson, J.).

But what about this case? Plaintiffs' amended complaint states, "I had to pay $900 fee to the tow guy to take my RV to another location and not the impound lot." (ECF No. 5, PageID.40.) They also allege, "Najee Ma[l]one, Kevin Coney, Hilton Napoleon under their legal capacity organized a plot and conspiracy to remove with the assistance of Troy's Towing and Troy Ginyard." (ECF No. 5, PageID.51.)

These allegations do not show that Troy's Towing or Troy Ginyard engaged in state action such that they could be liable under the Fourth Amendment.

Plaintiffs' allegation about a conspiracy is a legal conclusion, not a factual allegation. Thus, the allegation does not make it plausible that Troy's Towing conspired with Highland Park officials to violate Plaintiffs' constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

5

conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

As for the allegation that the City contracted with or otherwise hired Troy's Towing to move the RV, that allegation does not make it plausible that Troy's Towing (or Ginyard) engaged in state action. In deciding whether an entity has engaged in state action, courts have employed several tests; these include the public-function test, the compulsion test, and a nexus test. *See United States v. Miller*, 982 F.3d 412, 422 (6th Cir. 2020). The first two tests are a poor fit for this case. A public function is one that has "traditionally and exclusively been performed by the government," such as "holding elections, taking private property under the eminent domain power, or operating a company-owned town." *Romanski v. Detroit Ent., L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005). As for the compulsion test, Plaintiffs' allegations do not make it plausible that the City "exercised coercive power or . . . provided such significant encouragement, either overt or covert, that the choice" to tow the RV "must in law be deemed to be that of the government." *Miller*, 982 F.3d at 423. So that leaves the nexus test. A conspiracy might satisfy that test, *see id.*, but, as explained, Plaintiffs' allegations do not make it plausible that one existed. And to the extent that the City and Troy's Towing had a contract for towing services, that contract, without more, does not satisfy the nexus test. *See Partin v. Davis*, 675 F. App'x 575, 587 (6th Cir. 2017) (providing that a plaintiff "must demonstrate 'pervasive entwinement' between the two entities surpassing that of a mere contractual relationship."); *McCarthy v.*

*Middle Tennessee Elec. Membership Corp.*, 466 F.3d 399, 412 (6th Cir. 2006) ("[T]he existence of a contract alone does not rise to the level of 'pervasive entwinement' recognized in *Brentwood Academy v. Tennessee Secondary School Athletic Association*, 531 U.S. 288, 298–302 (2001).").

That leaves Harris' assertions in her objection about a towing scandal in Chicago and Detroit. Procedurally, these allegations do nothing to stave off dismissal—they are not part of the amended complaint and Defendants' Rule 12(b)(6) motion challenged the contents of the amended complaint. And even ignoring the rules of procedure and considering these new allegations, towing scandals in Chicago and Detroit do not reasonably imply a towing scandal in Highland Park, let alone that the scandal involved the people named in this lawsuit. *See Carmen Auto Sales*, 2018 WL 1326295, at *8 ("Carmen Auto points to a bribery scandal involving Clinton Township officials. Clinton Township has nothing to do with this case involving the City of Detroit. Plus, none of the bribery allegations involve the towing companies involved in this case.").

\* \* \*

In short, Magistrate Judge Patti did not err in finding that Plaintiffs' Fourth Amendment claim against Troy's Towing and Troy Ginyard fails to state a claim upon which relief may be granted. Harris' objection attacks none of the Magistrate Judge's other findings except in the most conclusory way. (ECF No. 31, PageID.232 ("Relief Sought[:] 1. The court to reinstate all the disjoined defendants[.] 2. The Court to reinstate all counts.").) This Court has no obligation to review findings of the

7

Magistrate Judge that are not properly objected to. *See Fields v. Lapeer 71-A Dist. Ct. Clerk*, 2 F. App'x 481, 483 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). Accordingly, the Court ADOPTS the Magistrate Judge's report and ACCEPTS his recommendation. Defendants' motion to dismiss (ECF No. 10) is GRANTED IN PART.

Additionally, the Court declines to exercise subject-matter jurisdiction over Plaintiffs' state-law claims for reasons previously given. (*See* ECF No. 4.) Plaintiffs' state-law claims are DISMISSED WITHOUT PREJUDICE to refiling in state court.

Thus, the only claims that remain in this case are Plaintiffs' claims that Malone and Coney (in their individual capacities) violated their Fourth Amendment rights by unlawfully seizing their property (which, apparently, is limited to Sparks' RV).

The Court notes that because Harris and Sparks are each proceeding pro se, Harris may only pursue her own, personal claims, and not the claims of Sparks. The same is true for Sparks: she may pursue her own, personal claims, but not the claims of Harris.

SO ORDERED.

Dated: February 9, 2022

                                     s/Laurie J. Michelson
                                     LAURIE J. MICHELSON
                                     UNITED STATES DISTRICT JUDGE