UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMINE HARRIS and DANESHA SPARKS,

        Plaintiffs,

v.

NAJEE MALONE, *et al.*,

        Defendants.

_____/

Case No. 2:20-cv-13354
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER STRIKING PLAINTIFFS' PROPOSED DISCOVERY PLAN (ECF No. 45) AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION OF RESERVATION OPTION TO AMEND COMPLAINT (ECF No. 46)**

**I.    Proposed Discovery Plan (ECF No. 45)**

On February 10, 2022, the Court noticed the scheduling conference in this case, and directed the parties to file a joint discovery plan by March 21, 2022. No such joint discovery plan was received prior to the scheduling conference, which was held on March 28, 2022. The scheduling conference resulted in the Court issuing an initial scheduling order on March 29, 2022. (ECF No. 43.) Approximately two weeks later, on April 11, 2022, Plaintiffs unilaterally filed a proposed discovery plan. (ECF No. 45.) That plan is **HEREBY STRICKEN** because it is mooted by the Court's previously issued scheduling order, was not

filed timely, and was filed unilaterally, contrary to the Court's directive and to Fed. R. Civ. P. 26(f).[1]

## II. Plaintiffs' Motion of Reservation Option to Amend Complaint (ECF No. 46)

Plaintiffs have also filed a motion of reservation option to amend complaint contingent on testimonies of witnesses pursuant to Fed. R. Civ. P. 15 (ECF No. 46), apparently requesting to reserve the ability to seek leave to amend their pleadings beyond the April 11, 2022 deadline, which the Court established after hearing the respective parties' anticipated needs at the scheduling conference, for "motions or stipulations to amend pleadings." (ECF No. 43, PageID.258.) In essence, Plaintiffs seemingly wish to extend the deadline for amending pleadings through the close of discovery. This motion (ECF No. 46) is **DENIED WITHOUT PREJUDICE**. As the Sixth Circuit noted in *Johnson v. Metropolitan Gov't of Nashville and Davidson Cty., Tenn.*, 502 F. App'x 523, 541 (6th Cir. 2012):

> Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In the absence of reasons such as those listed above, leave should generally be granted. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Nevertheless, a district court retains its discretion on such matters, and

---

[1] Plaintiffs state in their proposed discovery plan that they have substantial electronic discovery to submit to the court and counsel (ECF No. 45, PageID.266), but are cautioned that the filing of discovery materials with the Court is improper pursuant to Fed. R. Civ. P. 5(d) and E.D. Mich. Local Rule 26.2 ("[a] party or other person may not file discovery material" except in limited circumstances).

2

> provided that the court announces a clear reason for its decision, this Court will generally defer to its reasoning. *Id*.
>
> Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders. See Fed. R. Civ. P. 16(b). Rule 16 requires that a party seeking to amend outside a scheduling order may do so only on a showing of "good cause." This limitation is "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary* [*v. Daeschner*], 349 F.3d [888,] 906 [(6th Cir. 2003)]. In balancing Rules 15 and 16, this Court considers the movant's "diligence in attempting to meet the case management order's deadlines" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Id*.

Thus, if Plaintiffs later believe that they have valid grounds to seek leave to amend their complaint beyond the deadline already established by the Court, they will need to do so in accordance with these principles; however, the Court will not grant such relief prospectively or hypothetically based upon possibilities which may or may not materialize in the future.

**IT IS SO ORDERED.**

Dated: May 13, 2022

                                              _____
                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE